IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID EUGENE TITMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-21-2858 |
| FREDERICK COUNTY ADULT DETENTION CENTER, | * | |
| | * | |
| Defendant. | | |

***

# MEMORANDUM OPINION

Plaintiff David Eugene Titman, who is incarcerated at Frederick County Adult Detention Center, has filed two Motions for Leave to Proceed in Forma Pauperis under 28 U.S.C. § 1915(a) (ECF Nos. 2, 5). Because Titman appears indigent, the Court will grant his request to proceed without pre-payment of the filing fee.

Further, the Court has reviewed Titman's initial Complaint, filed November 8, 2021 (ECF No. 1), and his Amended Complaint, filed December 6, 2021 (ECF No. 4), with respect to the requirements set forth in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In his Complaint, Titman alleged that he is not receiving his mail as quickly as he would prefer due to the Frederick County Detention Center using a company in Texas to process prisoner mail. (Compl. at 2, ECF No. 1). He further alleged that he previously received his mail in two to three days, but now it takes ten days. (Id. at 3). On November 19, 2021, after having deemed that Titman failed to state a claim or a name proper defendant in his initial Complaint, the Court gave Titman the opportunity to amend. (Order at 3, ECF No. 3). On December 6, 2021, Titman filed an Amended Complaint alleging that "[a]s of 11-1-2021

Frederick County Detention Center started a new contract with Paytel on our mail service, since then I have [sic] missing mail that was either kept by someone destroyed and not returned to sender, nor was there any reason why the mail is missing a total of 20 letters." (Am. Compl. at 3, ECF No. 4). This statement is the entirety of Titman's claim. (See id.).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of a complaint. The Court must dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Here, Titman's Amended Complaint does not include any allegations regarding a purported violation of his constitutional rights under 42 U.S.C. § 1983, not does it provide any other basis for a discernable cause of action. This Court has held that "occasional incidents of delay or non-delivery of mail do not rise to a constitutional level." Pearson v. Simms, 345 F.Supp.2d 515, 519 (D.Md. 2003) (citations omitted). As such, the alleged delay of mail is an insufficient to state a claim upon which relief may be granted.

For the reasons stated, Titman's Amended Complaint shall be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Titman is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Dismissal with or without prejudice for any of the grounds outlined in 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1724 (2020); see also 28 U.S.C. § 1915(g).

For the foregoing reasons, the Court will dismiss the Amended Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Further, this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g) and as explained above. A separate Order follows.

Entered this 18th day of February, 2022.

/s/
George L. Russell, III
United States District Judge